Douglas T. Tabachnik (DT 6337)
LAW OFFICES OF
DOUGLAS T. TABACHNIK
Suite C
Woodhull House
63 West Main Street
Freehold, New Jersey 07728
(732) 792-2760

and

Sander L. Esserman (SE 0356)*
Robert T. Brousseau (4873)†
Jo E. Hartwick (4109)*
STUTZMAN, BROMBERG,
ESSERMAN & PLIFKA,
A Professional Corporation
2323 Bryan Street, Suite 2200
Dallas, Texas  75201
(214) 969-4900

Attorneys for Ad Hoc Committee of Asbestos Personal Injury Claimants

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

―――――――――――――――――――――x
| | |
|---|---|
| **In re** : | |
| : | Chapter 11 |
| **Dana Corporation, et al.** : | |
| *et al.,* : | Case No. 06-10354 (BRL) |
| : | (Jointly Administered) |
| **Debtors.** : | |
―――――――――――――――――――――x

## DESIGNATION OF ITEMS TO BE INCLUDED IN RECORD ON APPEAL

\* Admitted pro hac vice.
† Application for admission pro hac vice to be submitted.

Appellant Ad Hoc Committee of Asbestos Personal Injury Claimants[1] (the "Ad Hoc Committee") designates the following items to be included in the record on appeal for its appeal of the Order, Pursuant to Sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rule 9019(a), Approving Certain Settlement Agreements Between Debtor Dana Corporation and Certain Asbestos-Related Personal Injury Plaintiffs entered on November 15, 2007 [Doc. No. 6929]:

| Item No.: | Docket No.: | Filing Date: | Description: |
|---|---|---|---|
| 1. | 6669 | 10/23/2007 | Third Amended Disclosure Statement with Respect to Third Amended Joint Plan of Reorganized Debtors and Debtors in Possession |
| 2. | 6671 | 10/23/2007 | Third Amended Joint Plan of Reorganized Debtors and Debtors in Possession |
| 3. | 6673 | 10/23/2007 | Order (I) Approving Disclosure Statement, (II) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Third Amended Joint Plan of Reorganization, (III) Scheduling Hearing on Confirmation of Third Amended Joint Plan of Reorganization and (IV) Approving Related Notice Procedures |

---

[1] The Ad Hoc Committee of Asbestos Personal Injury Claimants consists of James J. Demahy, Individually and as the Independent Executrix of the Estate of Lydia Demahy, deceased, represented by Bryan O. Blevins, Jr., Provost Umphrey Law Firm L.L.P., Beaumont, Texas; Estelle Moore, Personal Representative of the Estate of Royce Wilfred Moore, represented by Russell Budd and Natalie Duncan, Baron & Budd, P.C., Dallas, Texas; John Hellen, Personal Representative of the Estate of Harwood Hellen, deceased, represented by Brent Coon and Lou Thompson Black, Brent Coon & Associates, Beaumont and Houston, Texas and Cleveland, Ohio; Robert Haun, represented by Steven Kazan, Kazan, McClain, Abrams, Lyons & Greenwood, A Professional Law Corporation, Oakland, California; George Winter represented by Al Brayton, Brayton Purcell, Novato and Los Angeles, California, Portland, Oregon, and Salt Lake City, Utah; and Charles Kloock represented by Thomas M. Wilson, Kelley & Ferraro, LLP, Cleveland, Ohio.

| 4. | 6693 | 10/25/2007 | Motion of Debtor Dana Corporation for an Order Authorizing It to File Settlement Agreements with Certain Asbestos-Related Personal Injury Plaintiffs Under Seal |
| --- | --- | --- | --- |
| 5. | 6709 | 10/26/2007 | Order Authorizing Debtor Dana Corporation to File Settlement Agreements with Certain Asbestos-Related Personal Injury Plaintiffs Under Seal |
| 6. | 6724 | 10/26/2007 | Motion of Debtor Dana Corporation for an Order, Pursuant to Sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rule 9019(a), Approving Certain Settlement Agreements Between Dana Corporation and Certain Asbestos-Related Personal Injury Plaintiffs |
| 7. | 6849 | 11/08/2007 | The Ad Hoc Committee of Asbestos Personal Injury Claimants' Objection to Motion of Debtor Dana Corporation for an Order, Pursuant to Section 363 of the Bankruptcy Code and Bankruptcy Rule 9019(a), Approving Certain Settlement Agreements Between Dana Corporation and Certain Asbestos-Related Personal Injury Plaintiffs and Motion to Continue Hearing on the Settlement Agreements Until the Ad Hoc Committee Has the Opportunity to Review Those Agreements |
| 8. | 6886 | 11/09/2007 | Notice of Agenda of Matters Scheduled for Hearing on November 15, 2007 at 10:00 a.m. |
| 9. | 6916 | 11/14/2007 | Reply in Support of Motion of Debtor Dana Corporation for an Order, Pursuant to Section 363 of the Bankruptcy Code and Bankruptcy Rule 9019(a), Approving Certain Settlement |

|     |     |     | Agreements Between Dana Corporation and Certain Asbestos-Related Persona Injury Plaintiffs |
| --- | --- | --- | --- |
| 10. | 6921 | 11/14/2007 | Notice of Amended Agenda of Matters Scheduled for Hearing on November 15, 2007 at 10:00 a.m. |
| 11. | 6929 | 11/15/2007 | Order, Pursuant to Sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rule 9019(a), Approving Certain Settlement Agreements Between Debtor Dana Corporation and Certain Asbestos-Related Personal Injury Plaintiffs |
| 12. | 7059 | 11/23/2007 | Notice of Appeal |
| 13. | 7061 | 11/26/2007 | Amended Notice of Appeal |
| 14. | Transcript was requested and has been provided by the transcription service, but has not yet been docketed by the Clerk of the Court. |  | Transcript of Hearing, November 15, 2007, *In re Dana Corporation, et al.*¸ Case No. 06-10354, before the Honorable Burton R. Lifland, United States Bankruptcy Judge |

Dated:  December 3, 2007
         New York, New York

                                          Respectfully submitted,

                                          /s/ Douglas T. Tabachnik
                                          Douglas T. Tabachnik (DT 6337)
                                          LAW OFFICES OF
                                          DOUGLAS T. TABACHNIK
                                          Suite C
                                          Woodhull House

63 West Main Street
Freehold, New Jersey 07728

(732) 792-2760

and

Sander L. Esserman (SE 0356)
Robert T. Brousseau (4873)
Jo E. Hartwick (4109)
STUTZMAN, BROMBERG,
ESSERMAN & PLIFKA,
A Professional Corporation
2323 Bryan Street, Suite 2200
Dallas, Texas  75201
(214) 969-4900


**ATTORNEYS FOR THE
AD HOC COMMITTEE OF ASBESTOS
PERSONAL INJURY CLAIMANTS**

Douglas T. Tabachnik (DT 6337)
LAW OFFICES OF
DOUGLAS T. TABACHNIK
Suite C
Woodhull House
63 West Main Street
Freehold, New Jersey 07728
(732) 792-2760


and

Sander L. Esserman (SE 0356)*
Robert T. Brousseau (RB 4873)†
Jo E. Hartwick (JH 4109)*
STUTZMAN, BROMBERG,
ESSERMAN & PLIFKA,
A Professional Corporation
2323 Bryan Street, Suite 2200
Dallas, Texas  75201
(214) 969-4900

Attorneys for Ad Hoc Committee of Asbestos Personal Injury Claimants

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

――――――――――――――――――――x
In re                                              :
                                                   :    Chapter 11
**Dana Corporation, et al.**                       :
*et al.,*                                          :    Case No. 06-10354 (BRL)
                                                   :    (Jointly Administered)
                        **Debtors.**               :
――――――――――――――――――――x

**STATEMENT OF ISSUES ON APPEAL**

* Admitted pro hac vice.
† Application for admission pro hac vice to be submitted.

Appellant Ad Hoc Committee of Asbestos Personal Injury Claimants[1] (the "Ad Hoc Committee") hereby designates the following issues for appeal of the Order, Pursuant to Sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rule 9019(a), Approving Certain Settlement Agreements Between Debtor Dana Corporation and Certain Asbestos-Related Personal Injury Plaintiffs entered on November 15, 2007:

1. Did the Bankruptcy Court err in approving the Settlement Agreements with Certain Asbestos-Related Personal Injury Plaintiffs without full disclosure of the material terms of those Settlement Agreements to parties in interest?

2. Did the Bankruptcy Court err in approving the Settlement Agreements with Certain Asbestos-Related Personal Injury Plaintiffs without having those Settlement Agreements filed as part of the public record of the jointly administered bankruptcy cases?

3. Did the Bankruptcy Court err in approving the Settlement Agreements with Certain Asbestos-Related Personal Injury Plaintiffs?

4. Did the Bankruptcy Court err in finding that the Settlement Agreements with Certain Asbestos-Related Personal Injury Plaintiffs were fair and reasonable?

---

[1] The Ad Hoc Committee of Asbestos Personal Injury Claimants consists of James J. Demahy, Individually and as the Independent Executrix of the Estate of Lydia Demahy, deceased, represented by Bryan O. Blevins, Jr., Provost Umphrey Law Firm L.L.P., Beaumont, Texas; Estelle Moore, Personal Representative of the Estate of Royce Wilfred Moore, represented by Russell Budd and Natalie Duncan, Baron & Budd, P.C., Dallas, Texas; John Hellen, Personal Representative of the Estate of Harwood Hellen, deceased, represented by Brent Coon and Lou Thompson Black, Brent Coon & Associates, Beaumont and Houston, Texas and Cleveland, Ohio; Robert Haun, represented by Steven Kazan, Kazan, McClain, Abrams, Lyons & Greenwood, A Professional Law Corporation, Oakland, California; George Winter represented by Al Brayton, Brayton Purcell, Novato and Los Angeles, California, Portland, Oregon, and Salt Lake City, Utah; and Charles Kloock represented by Thomas M. Wilson, Kelley & Ferraro, LLP, Cleveland, Ohio.

5. Did the Bankruptcy Court err in finding that the Settlement Agreements with Certain Asbestos-Related Personal Injury Plaintiffs were in the best interests of creditors of the estates?

6. Did the Bankruptcy Court err in applying the factors to be considered when approving the Settlement Agreements with Certain Asbestos-Related Personal Injury Plaintiffs?

7. In approving the Settlement Agreements with Certain Asbestos-Related Personal Injury Plaintiffs, did the Bankruptcy Court err in failing to afford appropriate consideration to the objections raised by the Ad Hoc Committee of Asbestos Personal Injury Claimants whose members are in the same class of creditors as the Certain Asbestos-Related Personal Injury Plaintiffs?

8. Did the Bankruptcy Court err in approving the Settlement Agreements with Certain Asbestos-Related Personal Injury Plaintiffs where those Settlement Agreements will result in different treatment of claims in the same class?

9. Did the Bankruptcy Court err in approving the Settlement Agreements with Certain Asbestos-Related Personal Injury Plaintiffs where approval of those Settlement Agreements will discriminate against asbestos personal injury claimants who do not have pre-confirmation settlement agreements with the Debtors?

10. Did the Bankruptcy Court err in approving the Settlement Agreements with Certain Asbestos-Related Personal Injury Plaintiffs that provide for the treatment of future asbestos claims without meeting the requirements specified in 11 U.S.C. § 524(g)?

11. Did the Bankruptcy Court err in approving the Settlement Agreements with Certain Asbestos-Related Personal Injury Plaintiffs that may be interpreted to restrict a lawyer's right to practice and thus are in violation of ethics rules?

12. Did the Bankruptcy Court err in finding there was not any merit to the part of the Ad Hoc Committee's objection to approval of the Settlement Agreements with Certain Asbestos-Related Personal Injury Plaintiffs which were based upon "the ethics rules which subsume the specter of binding lawyers to a particular course of action?"

[Remainder of Page Intentionally Left Blank]

Dated: December 3, 2007
      New York, New York

Respectfully submitted,

/s/ Douglas T. Tabachnik
Douglas T. Tabachnik (DT 6337)
LAW OFFICES OF
DOUGLAS T. TABACHNIK
Suite C
Woodhull House
63 West Main Street
Freehold, New Jersey 07728
(732) 792-2760

and

Sander L. Esserman (SE 0356)
Robert T. Brousseau (RB 4873)
Jo E. Hartwick (JH 4109)
STUTZMAN, BROMBERG,
ESSERMAN & PLIFKA,
A Professional Corporation
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
(214) 969-4900

**ATTORNEYS FOR THE
AD HOC COMMITTEE OF ASBESTOS
PERSONAL INJURY CLAIMANTS**